UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| MICHAEL RAY CONLEY, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 14-141-DCR |
| ) | |
| V. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Michael Ray Conley ("Conley" or "the Claimant") and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 11, 12] For the reasons discussed below, remand for further proceedings is necessary.

**I.**

On February 21, 2012, Conley filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"). [Record No. 9-1, Administrative Transcript, "Tr.," p. 38] He alleges a disability beginning November 10, 2011. [*Id.*] Conley, along with attorney William Arnett and vocational expert ("VE") Dwight McMillian, appeared before Administrative Law Judge ("ALJ") Andrew J. Chwalibog on May 16, 2013, for an administrative hearing. [Tr., pp. 51–72] On June 27, 2013, ALJ Chwalibog determined that Conley was not disabled under sections 216(i) and

223(d) of the Act. [Tr., p. 45–46] Conley appealed that determination to the SSA's Appeals Council. However, his appeal was denied on September 15, 2014. [Tr., pp. 1–4]

Conley was 50 years old at the time his alleged disability began on November 10, 2011, and 51 years old at the time of the ALJ's decision. He has a high school education and previously worked as a pipefitter. [Tr., p. 44] After considering the testimony presented during the administrative hearing and reviewing the record, ALJ Chwalibog concluded that Conley suffers from the severe impairment of osteoarthritis in multiple joints. [Tr., p. 40] Notwithstanding this impairment, the ALJ concluded that the Claimant maintained the residual functional capacity ("RFC") to perform light work, with the following constraints: "[Conley can] never climb ladders/scaffolds; occasionally climb ramps/stairs, stoop, kneel, crouch or crawl; occasional overhead reaching bilaterally; and avoid concentrated exposure to cold, humidity, vibration, and hazards." [Tr., p. 42]

After considering Conley's age, education, work experience, and RFC, the ALJ concluded that there existed a significant number of jobs in the national economy that he could perform, including grader/sorter, machine operator, bench worker, and hand packer. [Tr., p. 45] Thus, the ALJ determined that Conley was not disabled from November 10, 2011, through the date of the administrative hearing. [Tr., pp. 45–46]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made

by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312

F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

**III.**

Conley contends that the ALJ failed to give adequate reasons for discounting the opinion of treating physician Dr. Ira B. Potter. [Record No. 11-1, pp. 6–9] Further, he asserts that the ALJ erred in relying upon the opinion of non-examining physician Dr. Jack

Reed although he was not able to review the Claimant's complete medical file. [*Id.*, pp. 9–11]

**Weight Given to Medical Opinions**

    **A. Dr. Ira B. Potter, M.D.**

Conley began treating with Dr. Ira B. Potter on February 23, 2012, and continued seeing him routinely through at least March 20, 2013. [Tr., pp. 240–43; 365–71] Dr. Potter completed a Medical Assessment Form on August 15, 2012, regarding Conley's ability to performo work related activities. [Record No. 273–77] However, the ALJ rejected this opinion. [Tr., p. 44] Conley asserts that the ALJ failed to set forth good reasons for this determination in violation of 20 C.F.R. § 404.1527(c). [Record No. 11-1, pp. 6–9]

Generally, a treating physician's medical opinion will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2). However, failure to give controlling weight to the treating physician's opinion does not necessarily mean that the ALJ's opinion should be rejected. Instead, the ALJ must determine what weight to give to it by considering: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the supportability of the opinion; (4) the consistency of the opinion with regard to the record as a whole; (5) whether the treating source is a specialist in the area of his or her opinion; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)–(6).

Additionally, the ALJ must always give "good reasons" for accepting or rejecting a medical opinion. 20 C.F.R. § 404.1527(c)(2). This is a "clear elaboration requirement imposed explicitly by the regulations." *Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 (6th Cir. 2008). As Social Security Ruling ("SSR") 96-2p explains,

> the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). Failure to abide by this requirement can result in the matter being remanded. *Id.* at 545 (citing *e.g., Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000), *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999), *see also Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.")).

In the present case, Dr. Potter stated that Conley could lift/carry only eight pounds occasionally and five pounds frequently, stand/walk two and a-half hours total in a workday and 30 minutes at a time, sit three and a-half hours total in a workday, one hour at a time, and never climb or crawl. [Tr., pp. 273–74] However, the ALJ rejected this opinion because it was contrary to Dr. Potter's own medical evaluations of Conley and becaue there was a lack of treatment supporting the disabling functional capacity assessment. [Tr., p. 44]

Specifically, in addressing Dr. Potter's opinion in light of the objective evidence, ALJ Chwalibog made the following findings:

> [Conley] has been receiving very little treatment for arthritis since he started seeing Dr. Potter in February 2012. He has had positive testing but has only recently been prescribed medicine (November 2012). More recent evaluations of the claimant by Dr. Potter, in November 2012, February 2013, and March 2013 are exactly the same, noting: positive straight leg raise testing at 45 degrees; decreased lordosis, vertebral tenderness; slightly decreased range of motion of the lumbar spine; bilateral shoulder tenderness with decreased range of motion of the right shoulder; and tenderness in both knees with an increase of pain with squatting in the right knee. However, deep tendon reflexes, strength and sensation were all within normal limits; he had no pain with motion of the right shoulder; normal range of motion of the left shoulder; and he was able to stand without difficulty (Exhibit 13F). ANA and rheumatoid testing were both within normal limits (Exhibit 3F, pg. 17). Dr. Potter has not referred the claimant to physical therapy, chiropractic treatment, or pain management. He has had no surgeries and has not undergone any injections. The claimant testified that his Naprosyn was helping, he does not have a cervical collar, and he does not use any rubs on his joints.

[*Id.*]

Conley argues that the ALJ's statement regarding a lack of treatment is incorrect based on his history with Dr. Potter and the various diagnostic tests (including X-rays and MRIs) which he has undergone. [Record No. 11-1, p. 7] However, a reading of the ALJ's analysis demonstrates that he was alluding to the fact that Dr. Potter has not referred Conley for physical therapy, surgery, or pain treatment of any kind. The ALJ did not find that Conley and Dr. Potter did not have a treating relationship. Instead, he was commenting on Dr. Potter's failure to recommend further treatment options which would have been consistent with the severe restrictions in his assessment. Such considerations are consistent with the factors outlined in 20 C.F.R. § 404.1527(c).

- 7 -

Conley further asserts that the ALJ "gave no specific examples or notes to indicate what findings did not support the RFC." [*Id.*] But, as demonstrated above, the ALJ expressly identified the medical notes and treatment which he determined did not support the RFC. Specifically, he noted that Dr. Potter's most recent exams demonstrated that his "deep tendon reflexes, strength and sensation were all within normal limits; he had no pain with motion of the right shoulder; normal range of motion of the left shoulder; and he was able to stand without difficulty." [Tr., p. 44] These exams also determined that Conley's "ANA and rheumatoid testing were both within normal limits." [*Id.*] Further, the ALJ stated that, although Conley's July 2012 cervical spine MRI showed bulging discs, there were no disc herniations at any level or stenosis. [Tr., p. 41] Additionally, the minimal amount of medicine prescribed and lack of outside medical treatment supported the weight given to Dr. Potter's assessment. Therefore, the ALJ's determination provided specific examples of medical evidence which did not support Dr. Potter's RFC.

Finally, Conley asserts that the ALJ should have considered the medical notes and opinions of Dr. Charles Hardin, which allegedly support Dr. Potter's opinion. However, the records from Dr. Hardin all post-date ALJ Chwalibog's June 27, 2013 decision. [*See* Tr., pp. 8–31] As a result, as indicated by the Appeals Council, those records do not affect the decision regarding whether Conley was disabled before June 27, 2013, and will only be considered if he files a new application for disability benefits. [Tr., p. 2] Thus, the ALJ provided good reasons for rejecting the opinion of treating physician Dr. Potter.

### B. Dr. Jack Reed, M.D.

Conley also asserts that remand is required because non-examining state agency physician Dr. Jack Reed's opinion was given greater weight than the opinion of treating physician Dr. Potter. [Record No. 11-1, pp. 9–11]; *See Jones v. Astrue*, 808 F. Supp 2d 993, 998–99 (E.D. Ky. 2011). The ALJ gave great weight to Dr. Reed's July 10, 2012, disability determination. [Tr., pp. 43–44] However, Conley asserts that Dr. Reed's opinion cannot be considered substantial evidence in support of the ALJ's unfavorable determination because it was created without review of the complete record.[1]

It is proper to consider the opinions of state agency medical consultants. *See* 20 C.F.R. § 404.1527(e). Further, their opinions may be entitled to great weight if they are supported by the evidence of the record because they are considered experts in the Social Security disability programs. *See* 20 C.F.R. § 404.1527(f)(2); *Hibbard v. Astrue*, 537 F. Supp. 2d 867 (E.D. Ky. 2008). Additionally, it is not *per se* error to ascribe more weight to a non-examining physician over an examining or treating physician. *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013). In fact, Social Security Ruling 96-6p states that "[i]n appropriate circumstances, opinions [of non-examining physicians] may be entitled to greater weight than the opinions of treating or examining sources." SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996). One such instance is where the "State agency medical . . . consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more

---

1   The Court notes that the Commissioner failed to provide any arguments regarding this issue. [*See* Record No. 12]

detailed and comprehensive information than what was available to the individual's treating source." *Id.*

Further, as the Sixth Circuit has explained:

[w]hen an ALJ relies on a non-examining source who did not have the opportunity to review later submitted medical evidence, especially when that evidence reflects ongoing treatment, we generally require some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record.

*Brooks*, 531 F. App'x at 642 (internal quotation marks omitted).

Here, non-examining source Dr. Reed did not have the opportunity to review the entire medical record. Dr. Reed issued his July 10, 2012 opinion, without considering Conley's May 2012 shoulder MRI, July 2012 cervical spine MRI, or Dr. Potter's RFC determination.[2] [Tr., pp. 87–91] Dr. Reed was also without the benefit of medical notes and records created after his opinion was given. This is a significant portion of Conley's medical history which also constituted on-going medical treatment. Further, the ALJ did not analyze the medical evidence in granting great weight to Dr. Reed's opinion. Instead, he simply mentioned Dr. Reed's assessment without providing any explanation for the weight it was given or how it was supported by the objective medical evidence in the record. Additionally, the ALJ did not indicate that he considered that Dr. Reed's opinion was created without access to a complete record.

---

2   Notably, the MRI of the cervical spine showed bulging discs and osteophyte formations at C5-6 and C6-7. [Tr., p. 272] The MRI of the right shoulder revealed supraspinatus tendinitis with partial thickness rotator cuff tear, moderate to severe impingement of the supraspinatus tendon related to osteophytes at the level of the acromioclavicular joint, and glenohumeral osteoarthritis with no acute fracture. [Tr., p. 348]

As a result of the foregoing, the ALJ's decision to accord great weight to Dr. Reed's assessment was erroneous without more of an explanation concerning the underlying reasoning for his decision and in light of Dr. Reed's inability to review the Claimant's entire medical record. *See, e.g.*, *Blakley v. Comm'r of Soc.* Sec., 581 F.3d 399, 409 (6th Cir. 2009); *Perrine v. Colvin*, No. 5:13-cv-1086, 2014 WL 801400, at *6 (N.D. Ohio Feb. 27, 2014) ("In light of the fact that [the non-examining physician] did not have access to records documenting significant ongoing surgical treatment or to the opinions of treating and examining physicians, her opinion does not constitute substantial evidence."); *Jones*, 808 F. Supp. 2d at 998–99 (requiring remand where ALJ relied on the opinion of two non-examining sources who did not have a chance to see or comment upon the opinions of treating sources or see other records entered into evidence); *Kuntz v. Comm'r of Soc. Sec.*, No. 5:10 CV 768, 2011 WL 5523633, at *5–6 (N.D. Ohio Nov. 14, 2011) (remand necessary where the ALJ elected to credit non-treating source opinion that did not consider a significant part of the medical record over treating source opinion that did consider the full record and the ALJ did not directly address why he chose to give weight to opinion that did not consider the full record).

The ALJ also provided great weight to the opinion of consultative examiner Dr. Stephen Nutter, M.D. [Tr., p. 43–44] However, this does not overcome the ALJ's error of relying upon Dr. Reed's opinion. On April 25, 2012, Conley was examined by Dr. Nutter. [Tr., pp. 259–63] He noted that Conley had pain and tenderness in his shoulders, pain within motion testing of his hips, slight crepitus of the shoulder, pain and decreased motion of the lumbar spine, and reduced range of motion of the elbows and knees. He also found that

Conley's muscle strength was normal in both upper and lower extremities with no evidence of atrophy noted, straight leg testing was negative, and Conley was able to walk on his heels and toes, perform tandem gait, and squat. [*Id.*] While Dr. Reed's opinion is mostly consistent with Dr. Nutter's conclusions, the ALJ failed to note that Dr. Nutter's findings actually pre-date Dr. Reed's assessment. And while the ALJ may rely on the opinions of consultative examining physicians, this does not cure the deficiencies with the weight afforded to non-examining physician Dr. Reed's opinion. *See Jericol Mining, Inc. v. Napier*, 301 F.3d 703, 710 (6th Cir. 2002) ("[T]he same factors that justify placing greater weight on the opinions of a treating physician are appropriate considerations in determining weight to be given an examining physician's views."); *Ratliff v. Colvin*, Civil Action No. 0: 13-084-DCR, 2014 WL 3797365, at *7–8 (E.D. Ky. Aug. 1, 2014). As a result, the errors concerning the level of reliance on Dr. Reed's opinion are not harmless.

## IV.

The ALJ gave good reasons for the weight provided to the opinion of treating physician Dr. Potter. However, he failed to properly evaluate the opinions of non-examining physician Dr. Reed. As a result, substantial evidence does not support the ALJ's determination. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Michael Ray Conley's Motion for Summary Judgment [Record No. 11] is **GRANTED**, in part, to the extent that he seeks a remand for further administrative proceedings. To the extent he seeks an award of benefits, the motion is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 12] is **DENIED**.

3. The administrative decision of Administrative Law Judge Andrew J. Chwalibog is **REMANDED** for further administrative proceedings consistent with this opinion and pursuant to sentence four of 42 U.S.C. § 405(g).

This 13th day of April, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge